McKEAGUE, Circuit Judge,
concurring.
I agree with the court’s opinion, but write separately because my understanding of ERISA complete preemption leads me to conclude that even if Kentucky’s medical licensing statute had imposed a duty on AllMed, this duty would not have “arise[n] independently of ERISA or the plan terms” since it is inextricably intertwined with the benefits review process; thus, Hackney’s claim would remain completely preempted under 29 U.S.C. § 1132(a)(1)(B), state law notwithstanding. See Aetna Health v. Davila, 542 U.S. 200, 212, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004). In my view, the lead opinion mistakenly uses the lack of a duty under Kentucky law as a foothold for the conclusion that AllMed owed no independent duty to Hackney. See Maj. Op. at 458-59. Instead, the focus under prong two of Da-vila should be on the state law’s connection to the benefits review process itself.
“Whether a duty is ‘independent’ of an ERISA plan, for purposes of the Davila rule, does not depend merely on whether the duty nominally arises from a source other than' the plan’s terms,” such as under a state statute, Gardner v. Heartland Indus. Partners, LP, 715 F.3d 609, 613 (6th Cir. 2013); see also Hogan v. Jacobson, 823 F.3d 872, 882 (6th Cir. 2016). Instead, if a state’law claim “derives entirely from the particular rights and obligations established by the benefit plans,” a duty is not independent. Davila, 542 U.S. at 213, 124 S.Ct. 2488. This court’s recent decision in Hogan—which found no independent legal' duty irrespective of Kentucky law on nearly identical facts—reiterates that it is the state law’s relationship to ERISA that is key. The Hogan court found that Hogan’s unlicensed practice of medicine claim did not arise independent of ERISA because “the relationship between the parties arose in the context of a benefits-review process under an ERISA plan, and that Hogan’s claimed damages flow[ed] entirely from the denial of her request for benefits.” Hogan, 823 F.3d at 882.
*460 The same is true here, where Hackney’s claim against AllMed exists solely because Lincoln retained AllMed for the purpose of determining whether Hackney was entitled to benefits under the terms of his ERISA-regulated plan. The fact that the medical reviewers in Hogan were employees of the plan administrator, while AllMed was hired by Lincoln as an independent contractor, should not alter the analysis. Kentucky law presumably imposes the same duty on all medical reviewers—employees and independent contractors alike—so I see no reason why we should deviate from the analysis in Hogan, especially given that the reviewers were performing the same duties in both eases. Yet, the lead opinion does not mention Hogan and seems to imply that if reviewing medical files did happen to constitute the practice of medicine in Kentucky, Hackney’s state law claim would be allowed to proceed. But this seems contrary to Davila and Hogan given the claim’s direct ties to benefits review.
I am not suggesting that any ERISA-based relationship between two parties is sufficient to preclude a duty from ever being independent, no matter how tenuous. See Milby v. MCMC, LLC, 844 F.3d 605, 611 (6th Cir. 2016). Gardner illustrates otherwise, where we held that the duty of corporate executives not to interfere with an ERISA-regulated employee benefit plan while negotiating changes of ownership arose independent of ERISA. Gardner, 715 F.3d at 613-14. But, Hackney’s claim is “distinct from those ... in which a truly independent state-law tort claim is brought between parties that happen also to have an ERISA-based relationship.” Hogan, 823 F.3d at 883 (citing Gardner as one such distinguishable case).
Here, just like in Hogan, because “any duty that [AllMed] owed [Hackney] arose solely because of and within the context of benefits review required by the plan,” id. (emphasis added), ERISA’s “extraordinary pre-emptive power” bars the state law claim, Davila, 542 U.S. at 209, 124 S.Ct. 2488. Prong two of Davila involves an inherently comparative analysis between the state law claim and ERISA. Only if a court determines that the state law is distinct does it seem necessary to then ask whether that law creates a duty flowing to the specific defendants. Here, since Hackney’s unlicensed practice of medicine claim does not arise independent of ERISA, it does not matter whether AllMed owed a duty under the state law or not. Even the lead opinion seems to recognize this by stating that “[t]he allegations in Hackney’s complaint implicitly rely on ERISA to establish the duty required for his negligence claim.” See Maj. Op. at 459. It is this relationship between Hackney’s state law claim and the benefits review process itself—not interpretation of Kentucky law— that, in my opinion, should drive the conclusion that AllMed owed no legal duty independent of ERISA.